## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| TRIBRIDGE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| TELLWORKS COMMUNICATIONS, LLC | ) | |
| and TELLWORKS COMMUNICATIONS, | ) | |
| INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Tribridge Holdings LLC ("Tribridge"), by and through its undersigned counsel, hereby sues Defendants Tellworks Communications LLC and Tellworks Communications, Inc. (collectively, "Tellworks") and alleges as follows:

### NATURE OF ACTION

1. This action arises out of a binding written agreement between Tribridge and Tellworks, pursuant to which Tribridge was engaged by Tellworks to work on a software project.

2. Tribridge performed its obligations under the agreement but Tellworks repeatedly failed to pay invoices issued between November 2017 and May 2018, and ignored Tribridge's collection efforts.

3. This action seeks damages, contractual and statutory interest, as well as costs and reasonable attorneys' fees, based upon Tellworks' breach of its agreement with Tribridge.  Under the agreement's explicit, clear and unambiguous terms, Tellworks is obligated to pay Tribridge the outstanding balance of $812,490.84 plus interest, and all costs and fees incurred by Tribridge in bringing this action for payment.

60273761_1

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.00.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) and (c)(2) because Tellworks transacts business in this District and the contract between the parties specifies that venue lies solely and exclusively with the District Court for the Middle District of Florida sitting in Hillsborough County.

## THE PARTIES

6.      Tribridge Holdings LLC is a limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1775 Tysons, Boulevard, Tysons, Virginia 22102. Tribridge Holdings LLC is wholly owned by Computer Sciences Corporation, which is incorporated in the State of Nevada and maintains a principal place of business at 1775 Tysons, Boulevard, Tysons, Virginia 22102.

7.      Tellworks Communications LLC is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business at 3400 Peachtree Road NE, Atlanta, Georgia 30326. Tellworks Communications LLC is owned by Jared Krumper, Christo Makrides, Marcus Evans, and Bobby Glustrom, who are all residents of Georgia.

8.      Tellworks Communications LLC is also known by, and/or has done business as, Tellworks Communications, Inc.

9.      Tellworks Communications, Inc., upon information and belief, is or was a corporation organized and existing under the laws of the State of Georgia, with a principal place of business at 3400 Peachtree Road NE, Atlanta, GA 30326.

## FACTUAL ALLEGATIONS

10.     Tribridge is an information technology and services company that, through its subsidiaries, provides information technology services such as cloud computing, enterprise resource planning, customer relationship management, business consulting, software development, business intelligence, and other services.

11.     Tellworks is a logistics and asset management company focused on the life cycle management and asset recovery for both service providers and enterprise commercial customers, which it services using its proprietary inventory management system, AIMS.

### I.    The Governing Agreement

12.     The Agreement at issue is comprised of three documents: (i) Master Services Agreement ("MSA"), (ii) Statement of Work ("SOW"), and (iii) Change Order.

#### A.    Master Services Agreement

13.     Tellworks first engaged Tribridge's services in 2015.  The parties entered into a MSA effective June 30, 2015, which sets forth the general business principles governing Tribridge's involvement in projects on behalf of Tellworks.

14.     The MSA specified that for each project Tellworks engaged Tribridge, the parties would execute a SOW that would provide the project details, including deliverables, assumptions, staffing, time and fee estimates, and pricing.  The terms and conditions of the MSA were expressly incorporated into and made a part of each SOW.

15.     The MSA sets forth the general terms and conditions of payment for each SOW. Specifically, "payment of all billing amounts becomes due and payable within ten (10) days of invoice date . . .  Any unpaid amount after forty-five (45) days will bear and accrue interest at the rate of one and one-half percent (1.5%) per month (or such lesser rate as is required to comply with applicable law) until paid in full."

16.     The MSA further provides that "[i]f it becomes necessary for Tribridge to seek collection of any amounts due and owing, [Tellworks] will be responsible and liable for any and all reasonable collection costs, including reasonable attorneys' fees, even if a collection suit is not instituted.  In addition, Tribridge reserves the right, following notice, to suspend or discontinue its performance or provision of products and services hereunder for [Tellworks'] lack or delinquency of payment of any amounts due, or for any other material failure or breach of this [MSA] including [Tellworks'] performance under all significant project assumptions."

17.     In the event a legal action is initiated, either "party shall give the other party sixty (60) days written notice of its intent to file an action.  During such notice period, the parties will endeavor to settle amicably by mutual discussions any disputes, differences, or claims whatsoever related to this Agreement."

18.      The MSA specifies that "should either [party] institute legal action concerning this [MSA], the prevailing party will be entitled, in addition to such other relief as may be granted, to recover reasonable attorneys' fees and all other related court costs."

B.      Statement of Work

19.     On August 23, 2017, the parties executed a SOW for the "Tellworks Development Services" project. .

20.     The SOW is expressly incorporated into the MSA and is governed by the terms and conditions of the MSA.

21.     The project consisted of Tribridge leading development efforts around the AIMS software that is utilized by Tellworks and others.  The scope of work was defined as including the backlog of items identified in the "OpenCustomerRequests_Issues 8-11-17 w Scope.xlsx" spreadsheet.  Additional project objectives and assumptions were outlined in the SOW.

22.     The pricing for the project, including Tribridge's hourly rate and estimated number of hours were also included in the SOW.  The total project cost was estimated at $1,487,0763 with a 4-5 month timeframe for completion.

23.     A key component of the project was involvement and dedication by Tellworks' own project team.  Tellworks was to determine the priority of the project objectives, and Tribridge would assign tasks as necessary to achieve those objectives and meet the proposed timeline.  This necessitated constant communication between Tribridge and Tellworks' project team regarding the work to be performed under the SOW.

24.     Tellworks' project team was led by Jim McMahon, who was designated the role of "Product Owner."  Mr. McMahon served as the primary point of reference for the project in order to carry forward the requirements and business needs of Tellworks and its customers to the Tribridge development team, and assist in prioritizing feature/functionality requirements along with prioritization of fixes, enhancements, and also non-development specific coding tasks.

25.     The SOW specified that any changes to the project must be specified in a written change order signed by Tellworks.

C.     <u>Change Order</u>

26.     Tribridge started work on the project in September 2017.

27.     Shortly thereafter, Tribridge noticed that many of the items Tellworks was prioritizing were not within the scope of work set forth in the SOW.  Tellworks indicated that this was due to the "rapidly changing business requirements Tellworks is encountering."  As a result, the parties executed a Change Order on October 16, 2017, to include services not outlined in the SOW.

28.     Mr. McMahon and Tellworks CFO Christo Makrides advised Tribridge that they would like to "ignore the original scope" of the SOW and "utilize the hours as they deem relevant to their changing business needs."  Stated another way, Tellworks wanted full control of the scope and direction of work performed by Tribridge.

29.     Tribridge agreed to these changes subject to certain guidelines specified in the Change Order that required continuous direction and feedback by Tellworks, including (i) conducting a "backlog grooming" session each week with Tellworks employees, Jim McMahon or Kent Carpenter, to organize and prioritize the backlog in accordance with the design approved by Tellworks, and (ii) Tellworks working with Tribridge to plan "the Sprints" and make any adjustments based on the Tribridge team's capacity.

30.     The Change Order specified that all other terms and conditions remain the same as outlined in the SOW and MSA, and that the basic principles and legal terms agreed to in in the MSA continue to govern the project.

D.     Defendants Operated as the Same Entity Under the Agreement

31.     The Agreement was entered into between Tribridge and "Tellworks Communications Inc."

32.     Tellworks Communications Inc. is owned, operated, and/or managed by the same individuals as Tellworks Communications LLC:

> a)     The address provided for Tellworks Communications Inc. in the Agreement is the same address listed for Tellworks Communications LLC with the Georgia Secretary of State during that same time period.
>
> b)     The individuals who signed the Agreement on behalf of Tellworks Communications Inc. – Jared Krumper, CEO; Christo Makrides, CFO; and James McMahon, Operations Manager – are identified as the CEO, CFO, and Operations Manager of Tellworks Communications LLC.

33.     At all relevant times, Tellworks Communications Inc. conducted business pursuant

to the Agreement as, and/or through, Tellworks Communications LLC:

> a)     The individuals who directed Tribridge's work under the Agreement are owners or employees of Tellworks Communications LLC:
>
>> (1) Jim McMahon, who is designated as Tellworks' project team leader and Tribridge's primary customer contact in the SOW.
>>
>> (2) Christo Makrides, who along with Mr. McMahon, made the changes to the project's scope of work in the Change Order.
>>
>> (3) Jared Krumper and Kent Carpenter, who along with Mr. McMahon and Mr. Makrides, received Tribridge's Project Status Reports.
>
> b)     The individuals who received and reviewed Tribrdige's invoices and were responsible for payment are owners or employees of Tellworks Communications LLC.

## II.     Tribridge Performs Under the Agreement

34.     Following execution of the Change Order, Tellworks started directing Tribridge's

work flow.

35.     Tribridge participated in weekly, and often daily, meetings with Tellworks in which

they discussed work performed by Tribridge to date, identified additional work that Tellworks

wanted Tribridge to perform, and discussed any other issues or concerns identified by the parties.

36.     No work was performed by Tribridge unless directed to do so by Tellworks.

37.     Tribridge continually updated Tellworks on the status of the work being performed

and the amount billed to date.

38.     For example, each week Tribridge prepared and submitted a Project Status Report

to Tellworks with highlights of that week's activities; updated project timeline; financial summary,

including total hours billed and balance accrued; information regarding the Tribridge project team;

and any issues/concerns/risks identified by Tribridge.

39.      Tribridge also issued invoices to Tellworks each week that identified for each member of Tribridge's team the number of hours billed, the hourly rate, and a detailed description of the work performed.

40.      During the period of time Tribridge worked on the project for Tellworks it completed several major milestones, including: (i) Transfer BOM; (ii) BOM Builder; (iii) Site Kit; (iv) SAC Customer Setup; (v) SSRS API; (vi) Switch Spares Enhancements; (vii) various changes that improved stability and performance of the application; (viii) additional changes/enhancements to improve overall quality of application, meet customer specific requests, and internal Tellworks requests; and (ix) Server Moves/Migrations to improve architecture to meet best practice standards.

**III.    Tellworks Breached the Agreement By Failing to Pay Tribridge for Work it Performed**

41.      In November 2017, Tellworks began falling behind on payment to Tribridge and had invoices that were more than 45 days past due.

42.      From November 2017 through April 2018, Tribridge repeatedly raised concerns with Tellworks regarding the increasing number of invoices past-due in its Project Status Reports, during its weekly and daily calls, and in emails.

43.      Tellworks made promises at various points to make payments, but never paid the full outstanding balance.

44.      Tribridge continued to work on this project until April 2018, at which point Tribridge advised Tellworks that it would not continue to work on the project until Tellworks paid the outstanding balance.

45.      Tribridge did not hear from Tellworks again until August 2018, when Mr. Makrides requested details about the outstanding invoices.

46.     Tribridge provided the requested information to Mr. Makrides, but never received a response and Tribridge's multiple follow-ups went unanswered.

**IV. Tribridge Demands Payment and Notifies Tellworks of Its Intent to File Suit**

47.     On October 23, 2018, Tribridge sent a letter to Tellworks notifying it that it is in material breach of the Agreement, demanding payment of the outstanding balance, and advising Tellworks of Tribridge's intent to pursue legal action if Tellworks does not pay in full.

48.     In or around November 15, 2018, Mr. Makrides indicated he would come up with a plan the following week to bring Tellworks' account current.  But neither Mr. Makrides nor anyone else at Tellworks sent a proposed a plan or otherwise responded to Tribridge's demand for payment.

49.     On February 1, 2019, Tribridge sent a letter to Tellworks once again advising that Tellworks is in material breach of the Agreement and demanding payment of the outstanding balance.  Tribridge also expressly provided notice pursuant to Section 23 of the Agreement of Tribridge's intent to file a legal action, and advised that under Section 18 of the Agreement Tellworks is obligated to pay Tribridge's collection costs, including reasonable attorneys' fees.

50.      To date, Tellworks has not responded to the February 2019 Demand Letter or paid the outstanding balance.

**V. Tribridge Suffers Damages as a Result of Tellworks' Breach**

51.     Tellworks owes Tribridge $812,490.84, for work Tribridge performed under the Agreement, plus contractual interest accrued at the rate of 1.5% per month for all amounts past due 45 days, which continues to accrue until paid in full.

52.     As of the date of this Complaint, the total Tellworks owes Tribridge, including interest, is $1,110,870.31, broken down by invoice with interest calculated as follows:

| Invoice No. | Invoice Amount | Invoice Date | Due Date | Days Past 45 days from due date | 1.5% Accrued Interest | Total |
|---|---|---|---|---|---|---|
| 204293 | 8,453.16 | 11/30/2017 | 12/30/2017 | 801 | 3,385.49 | 11,838.65 |
| 204884 | 66,756.27 | 12/9/2017 | 1/8/2018 | 792 | 26,435.48 | 93,191.75 |
| 205382 | 54,553.13 | 12/16/2017 | 1/15/2018 | 785 | 21,412.10 | 75,965.23 |
| 206374 | 90,990.64 | 12/31/2017 | 1/30/2018 | 770 | 35,031.40 | 126,022.04 |
| 207394 | 35,921.89 | 1/13/2018 | 2/12/2018 | 757 | 13,596.44 | 49,518.33 |
| 207575 | 40,321.88 | 1/20/2018 | 2/19/2018 | 750 | 15,120.71 | 55,442.59 |
| 207576 | 1,560.00 | 1/20/2018 | 2/19/2018 | 750 | 585.00 | 2,145.00 |
| 208955 | 76,690.64 | 1/31/2018 | 3/2/2018 | 739 | 28,337.19 | 105,027.83 |
| 208956 | 3,217.50 | 1/31/2018 | 3/2/2018 | 739 | 1,188.87 | 4,406.37 |
| 206878 | 26,537.50 | 1/6/2018 | 2/20/2018 | 749 | 9,938.29 | 36,475.79 |
| 209531 | 66,859.40 | 2/10/2018 | 3/12/2018 | 729 | 24,370.25 | 91,229.65 |
| 210031 | 49,809.38 | 2/17/2018 | 3/19/2018 | 722 | 17,981.19 | 67,790.57 |
| 210866 | 84,768.77 | 2/28/2018 | 3/30/2018 | 711 | 30,135.30 | 114,904.07 |
| 211474 | 70,785.03 | 3/10/2018 | 4/9/2018 | 701 | 24,810.15 | 95,595.18 |
| 211970 | 42,315.63 | 3/17/2018 | 4/16/2018 | 694 | 14,683.52 | 56,999.15 |
| 212423 | 40,837.51 | 3/24/2018 | 4/23/2018 | 687 | 14,027.68 | 54,865.19 |
| 212954 | 36,368.76 | 3/31/2018 | 4/30/2018 | 680 | 12,365.38 | 48,734.14 |
| 70088675 | 15,743.75 | 5/18/2018 | 6/17/2018 | 632 | 4,975.03 | 20,718.78 |
| **TOTALS:** | **$ 812,490.84** | | | | **$ 298,379.47** | **$ 1,110,870.31** |

## COUNT ONE
### (Breach of Contract)

53.    Tribridge realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

54.    Tribridge and Tellworks entered into a valid, binding, written Agreement for Tribridge to perform services as directed by Tellworks in connection with Tellworks' Development Services project.

55.    The Agreement between the parties was properly executed and supported by mutual consideration.

56.     Pursuant to the terms of the Agreement, Tellworks agreed to pay Tribridge for all work performed in connection with the project at the hourly rates set forth in the SOW.

57.     The Agreement also provided that all amounts Tellworks fails to pay after 45 days will accrue interest at the rate of 1.5% per month (or such lesser rate as required by applicable law), and that Tellworks would be responsible for paying Tribridge's collection costs, including reasonable attorneys' fees.

58.     Tribridge performed under the Agreement, including by completing tasks as directed by Tellworks and achieving several major project milestones.

59.     Tellworks breached the Agreement by failing to pay Tribridge for the work it performed under the Agreement.

60.     Tribridge has repeatedly demanded payment, both verbally and in writing, and advised Tellworks of its intention to file suit.

61.     Tellworks has ignored Tribridge's letters and collection efforts, has not paid the outstanding balance, and has not raised any defenses to payment.

62.     As a direct result of Tellworks' breach of the Agreement, Tribridge has suffered, and continues to suffer, damages in the amount of $812,490.84, plus contractual interest for all amounts unpaid after 45 days accrued at the rate of 1.5% per month until paid in full, which as of the date of this Complaint totals $ 1,110,870.31.

63.     All conditions precedent have occurred or have otherwise been waived.

**PRAYER FOR RELIEF**

WHEREFORE, Tribridge prays for relief as follows:

a)   Compensatory damages in the amount of $812,490.84, plus contractual interest for all amounts unpaid after 45 days accrued at the rate of 1.5% per month (or such lesser rate as required by applicable law) until paid in full, which as of the date of this Complaint totals $ 1,110,870.31;

b)   Post-judgement interest at the highest applicable statutory or common law rate from the date of judgment until satisfaction of judgment;

c)   Tribridge's reasonable attorneys' fees and costs incurred in bringing this action; and

d)   Any such other and further relief as the Court deems just, fair and proper.

Dated:       April 24, 2020

Respectfully submitted,

/s/ *Eric J. Partlow*
Eric J. Partlow, Esq.
Florida Bar No. 0556531
eric.partlow@arlaw.com
Chelsea C. Harrison, Esq.
Florida Bar No. 98536
chelsea.harrison@arlaw.com
ADAMS AND REESE LLP
101 E. Kennedy Blvd., Suite 4000
Tampa, FL  33602
(813) 402-2880 (Telephone)
(813) 402-2887 (Facsimile)

-and-

CROWELL & MORING LLP
Allyson M. McKinstry (*Pro Hac Vice to be filed*)
NY Bar No. 4804977
590 Madison Avenue
New York, New York 10022
Tel: (212) 223-4000
Fax: (212) 223-4134
amckinstry@crowell.com

***Counsel for Plaintiff Tribridge Holdings, LLC***